IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
LIZZIE R. HATCHER, BAR NO. 247.

No. 68702

FILED

JUN 14 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law and recommendation that attorney Lizzie Hatcher be suspended from the practice of law for two years and six months based on violations of RPC 1.15 (safekeeping property), RPC 3.3 (candor towards a tribunal), RPC 5.3 (responsibilities regarding nonlawyer assistants), RPC 8.1(a) (bar admission & disciplinary matters) and RPC 8.4(c) (misconduct). The disciplinary panel further recommends Hatcher (1) be required to complete ten additional hours of continuing legal education, three of which must relate to the handling of IOLTA trust accounts and seven of which must relate to office management, before seeking reinstatement, (2) pay for an audit of her trust account from November 2006 through January 2013 to confirm that all client funds were disbursed correctly and pay with interest any funds that were improperly withheld from clients, and (3) pay the costs of the disciplinary proceedings, including bar counsel and staff salaries.

The State Bar has the burden of showing by clear and convincing evidence that Hatcher committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We "employ a deferential standard of review with respect to [the hearing

16-18016

panel's] findings of fact," SCR 105(3)(b), the same as in other civil cases, *see* SCR 105(3)(a) ("To the extent not inconsistent with these rules, an appeal from a decision of a hearing panel shall be treated as would an appeal from a civil judgment of a district court . . . ."). Accordingly, a disciplinary panel's findings of fact will not be set aside unless they are clearly erroneous or not supported by substantial evidence. *See generally Sowers v. Forest Hills Subdivision*, 129 Nev., Adv. Op. 9, 294 P.3d 427, 432 (2013); *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, a hearing panel's conclusions of law and recommended discipline are reviewed de novo. SCR 105(3)(b). Whether particular factual findings establish an RPC violation is a question of law and therefore is subject to de novo review under SCR 105(3)(b). *See LK Operating, LLC v. Collection Grp., LLC*, 331 P.3d 1147, 1157 (Wash. 2014) (stating, in a legal malpractice action, that "[w]hether a given set of facts establish an RPC violation is a question of law subject to de novo review").

Hatcher and the State Bar have filed briefs in this matter. Having considered their arguments and reviewed the record, we conclude that substantial evidence supports the disciplinary panel's findings of misconduct. *See Sowers*, 129 Nev., Adv. Op. 9, 294 P.3d at 432. In particular, the record supports the panel's findings that Hatcher violated her duty of candor toward a tribunal by knowingly making false statements of fact in a letter to Justice Court Judge Melissa Saragosa, in which Hatcher represented that she had never been process server Maurice Carroll's employer. That letter was sent after the justice court began investigating false affidavits of service submitted by Carroll in hundreds of cases, including those initiated by Hatcher on behalf of one of

her clients. Before that time, Hatcher represented in letters to a lawyer and to "whom it may concern" that Carroll and the business he operated worked for Hatcher and she acknowledged that checks for Carroll's services were made payable to her and she then paid Carroll directly from her own bank account. The record likewise supports the panel's finding that Hatcher violated her duty to maintain the integrity of the legal profession by making the same false statement of fact in a letter to the State Bar in addressing the disciplinary matter and in an interview with the Las Vegas Metropolitan Police Department during its investigation of Carroll's criminal activities. Finally, the record supports the panel's finding that Hatcher falsely represented to the State Bar on her SCR 78.5 forms that she was exempt from trust fund requirements because she did not handle client or third-party funds. Based on those findings, we agree with the panel's conclusions that Hatcher violated RPC 3.3, RPC 8.1(a), and RPC 8.4(c).

Turning to the recommended discipline, and weighing "the dut[ies] violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors," we agree with the panel's recommendation that Hatcher be suspended, and that a suspension of two years and six months is appropriate to protect the public and the legal profession based on Hatcher's violations of RPC 3.3, 8.1(a) and 8.4(c).[1] *In re Discipline of*

---

[1]Although the panel's findings regarding Hatcher's violation of RPC 1.15 (safekeeping property) are supported by substantial evidence, and while that violation is not insignificant, we are not convinced that on its own this violation would warrant a suspension. *Compare* ABA Standards Imposing Lawyer Sanctions, Standard 4.12 (2015) (suspension appropriate where "lawyer knows or should have known that he is dealing improperly

*continued on next page...*

*Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). American Bar Association Standard 6.1 applies to "cases involving conduct that is prejudicial to the administration of justice or that involves dishonesty, fraud, deceit, or misrepresentation to a court." *See* ABA Standards for Imposing Lawyer Sanctions, Standard 6.1 (2015). Absent aggravating or mitigating circumstances, suspension is appropriate under that standard "when a lawyer knows that false statements . . . are being submitted to the court . . . and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding." *See id.* Standard 6.12. The disciplinary panel found and the record supports that Hatcher knowingly made false representations to the justice court, the State Bar, and the police regarding her employment of Carroll, and her misrepresentations adversely affected the legal proceedings in hundreds of cases in which Carroll submitted false affidavits of service.

---

*...continued*
with client property and causes injury or potential injury to a client"), *with* Standard 4.13 (reprimand appropriate "when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client"). Similarly, while substantial evidence in the record supports the panel's finding that Hatcher violated RPC 5.3 (responsibilities regarding non lawyer assistants), the RPC 5.3 violation played no significant role in the panel's recommended discipline, which is appropriate under these particular circumstances given that Hatcher's misrepresentations about her working relationship with Carroll, the nonlawyer assistant here, formed the basis for the panel's recommendation for a significant period of suspension and the purpose of the attorney discipline—to protect the public, courts, and the legal profession—is satisfied by the discipline recommended. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

The aggravating circumstances found by the disciplinary panel further support its recommendation that Hatcher be suspended from the practice of law. Hatcher has five prior disciplinary offenses, all of which resulted in private letters of reprimand.[2] Further aggravating the RPC violations, the panel found that Hatcher (1) had a dishonest or selfish motive for her actions; (2) engaged in a pattern of misconduct and multiple offenses by making misrepresentations to the justice court, the State Bar, and the police; (3) submitted false evidence, false statements or engaged in other deceptive practices during her disciplinary hearing; and (4) refused to acknowledge the wrongful nature of her conduct by continuing to insist that her statements regarding the nature of her employment relationship with Carroll were not misrepresentations.

Given these professional conduct violations and aggravating circumstances, we agree with the disciplinary panel that suspension is warranted under ABA Standard 6.12. We do not agree, however, with the disciplinary panel's recommended period of suspension as it is not consistent with prior discipline imposed in cases involving similar misconduct. We review the panel's recommended discipline de novo, SCR 105(3)(b), and consider "consistency in the imposition of disciplinary sanctions for the same or similar offenses" in our review. *See* ABA Standards for Imposing Lawyer Sanctions, Standard 1.3 (2015). Although Hatcher engaged in serious acts of misconduct, her actions did not result in either criminal charges or a criminal conviction. Therefore, taking into consideration the discipline imposed in other cases where attorneys'

---

[2]Hatcher received the letters of reprimand between July 1989 and May 2009, and the disciplinary panel found the remoteness of Hatcher's prior offenses to be the only mitigating factor.

actions led to criminal charges and convictions, we believe that a 12-month suspension is sufficient to protect the public and the legal profession. *In re Discipline of Lerner*, 124 Nev. at 1246, 197 P.3d at 1077.

We suspend attorney Lizzie R. Hatcher from the practice of law in Nevada for a period of 12 months commencing from the date of this order. Hatcher shall (1) be required to complete ten additional hours of continuing legal education, three of which must relate to the handling of IOLTA trust accounts and seven of which must relate to office management, before seeking reinstatement, (2) pay for an audit of her trust account from November 2006 through January 2013 to confirm that all client funds were disbursed correctly and pay with interest any funds that were improperly withheld from clients, and (3) pay the costs of the disciplinary proceedings, including bar counsel and staff salaries. Hatcher also shall comply with SCR 115. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[3]

_____, C.J.
Parraguirre

_____, J.  _____, J.
Hardesty           Gibbons

_____, J.  _____, J.
Saitta             Pickering

---

[3]The Honorable Michael L. Douglas, Justice, voluntarily recused himself from participation in the decision of this matter.

CHERRY, J., concurring in part and dissenting in part:

I concur in the majority's determination that the disciplinary panel's findings of fact are well-supported and its conclusions regarding RPC violations are legally sound. I respectfully dissent from the determination suspending Hatcher for 12 months, however, as I firmly believe that a 6-month suspension from the date of this order is sufficient to protect the public.

_____, J.
Cherry

cc: Chair, Southern Nevada Disciplinary Board
Michael J. Warhola, LLC
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court